**Law Office of Evan L. Lipton, P.C.**
260 Madison Ave, Floor 22
New York, New York 10016
ell@evanliptonlaw.com
(917) 924-9800

April 8, 2025

By ECF
Hon. Ronnie Abrams
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Application granted.

SO ORDERED.

*[signature]*
Ronnie Abrams, U.S.D.J.
April 9, 2025

Re:   *United States v. Paul Person, Jr.*
      24. Cr. 608 (RA)

Dear Judge Abrams:

    I write on behalf of Paul Person, Jr. to respectfully request that his conditions of pretrial release be modified to remove electronic monitoring. The government (A.U.S.A. William Stone) and the assigned Pretrial Services officer (Dominique Jackson) consent to this application.

    Mr. Person was arrested on October 24, 2024, and immediately released on a personal recognizance bond (with the understanding that his mother would sign the bond within a specified period) and "stand alone" electronic monitoring.[1] *See* D.E. No. 9, 10/24/24. He has been fully compliant with all conditions of release. On March 10, 2025, Mr. Person was accepted into the Young Adult Opportunity Program and his case transferred to Your Honor. *See* D.E. No. 19, 3/10/24. As the consent of the government and Pretrial services makes clear, at this point in the case the personal recognizance bond that is in place is sufficient to provide the appropriate assurances to the Court. *See* 18 USC § 3142(b). Accordingly, the electronic monitoring condition should be removed.

    Thank you for your attention to this matter.

Respectfully yours,

*[signature]*
Evan L. Lipton
Attorney for Paul Person, Jr.

---

[1] "Stand alone" electronic monitoring creates a record of a defendant's whereabouts but does not require them to adhere to a curfew or special geographic conditions.